FILED
United States Court of Appeals
Tenth Circuit

August 12, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LESLIE D. MOWER,

Defendant-Appellant.

No. 08-4178
(D.C. Nos. 2:08-CV-00005-TC &
2:02-CR-00787-TC-SA-2)
(D. Utah)

---

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

---

Before **HARTZ**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**TYMKOVICH**, Circuit Judge.

---

Leslie D. Mower was convicted on one count of conspiracy and six counts

of tax evasion for tax years 1992-1997. She was sentenced to twenty-seven

months imprisonment and thirty-six months of supervised release. We affirmed

her conviction and sentence on direct appeal. *See United States v. Thompson*,

518 F.3d 832 (10th Cir.), *cert. denied*, 129 S. Ct. 487 (2008). While her direct

appeal was pending, Ms. Mower filed a motion under 28 U.S.C. § 2255 to vacate

her sentence based on ineffective assistance of trial counsel. After an evidentiary

hearing, the district court denied relief. In order to appeal that decision,

Ms. Mower must obtain a certificate of appealability (COA). *See* 28 U.S.C.

§ 2253(c)(1)(B) (requiring COA to appeal a final order in a § 2255 proceeding). She filed a motion for a COA in the district court, but the court did not rule on it. Accordingly, we deem that motion denied. *See* 10th Cir. R. 22.1(C). Ms. Mower did not file a motion for a COA in this court, but her notice of appeal constitutes such a request. *See* Fed. R. App. P. 22(b)(2).

The issuance of a COA is a jurisdictional prerequisite to an appeal from the denial of a § 2255 motion. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, Ms. Mower must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted). For substantially the same reasons set forth by the district court in its August 22, 2008, Memorandum Opinion and Order Denying § 2255 Petition, we conclude that Ms. Mower has not met the requirements for a COA.

To prevail on her claim of ineffective assistance of counsel, Ms. Mower has the burden of showing by a preponderance of the evidence that counsel's performance fell below an objective standard of reasonableness, *Strickland v. Washington*, 466 U.S. 668, 688 (1984), and "that there is a reasonable probability

that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. Ms. Mower's first contention assails the district court's application of the standard of review under *Strickland*. She contends that the court applied a heightened standard of review to her ineffective assistance claims by stating that its "review of counsel's performance must be highly deferential." Aplt. Br., Ex. 1, at 2. We disagree. The district court's deference to counsel's performance accords with the Supreme Court's direction that in making the determination under the first prong of *Strickland*, "court[s] should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *See Strickland*, 466 U.S. at 690. We see no error in the district court's standard of review.

Ms. Mower also argues that trial counsel (1) failed to adequately investigate whether her signatures on tax returns and certain checks were forged; (2) failed to call expert witnesses; (3) failed to present any witness testimony in her defense; (4) failed to present her with settlement offers; and (5) refused to allow her to testify. Having reviewed the entire appellate record and the parties' arguments under the applicable legal framework, we conclude that the district court's resolution of these issues is not reasonably subject to debate and that the issues Ms. Mower seeks to raise on appeal are not adequate to deserve further

proceedings. We therefore **deny** Ms. Mower's request for a COA and **dismiss**
this appeal.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge